Porter, J.
delivered the opinion of the court. This is an application for a rule on *489 the judge of the fourth district, to show cause why a mandamus should not issue, commanding him to proceed in the trial of a cause pending in the parish of Pointe Coupee, wherein certain persons, called — Boyer and — Harrington, are plaintiffs, and Charles Morgan and others, are defendants. It is bottomed on an affidavit of JamesMitchell, which states, that the cause already mentioned is pending in the court aforesaid—that at the November term last, it was called in its order for trial—that it was objected that one of the defendants being sheriff of the parish, the suit could not be tried without the presence of a coroner, and there not being any coroner within the parish, the judge refused to order the jury to be called, either by the sheriff or some other fit person, and continued the cause.
East'n District.
Dec. 1822.
We are clearly of opinion, that we have no right to direct such a writ; it is therefore unnecessary to put the parties to the trouble and expense of having the rule issued and returned. The legislature, it is true, has conferred on this court power to order all mandates necessary for the exercise of its jurisdiction over the inferior tribunals; but we do *490 not consider this one where that necessity exists, or which at all affects our appellate jurisdiction. To support this application, it should have been shown, that when the cause will be tried below on its merits, the court will give an erroneous judgment, and one of the parties will appeal from it. This, of course, cannot be done, and we therefore should not interfere with a case, of which we may never have occasion to take cognisance.
Again,—mandates never issue even from courts possessing a general controlling jurisdiction to inferior tribunals, directing them what judgment to give. If they did, it is quite obvious they would be exercising the duties which the legislature had devolved on the court of the first instance. In addition to this objection, another consequence would result in the present case, not less illegal; namely, that if we issued a mandate to the judge, commanding him to try this cause by a jury summoned by another person than the coroner, the appeal which might afterwards be taken, would, as to this part of the proceedings, be from our own judgment, not from that of the inferior tribunal.
It has not escaped our attention, that under *491 this decision, it might be urged, that the inferior courts may deny the citizen justice by refusing to ever try his cause. If, which cannot be presumed, such an extreme case should arise, the remedy is with another branch of the government. We have no controlling powers given us over the other courts of the state; and however beneficial, the exercise of such authority might be to the public, we cannot assume it.
Mitchell, for the applicant.
On the whole, we see nothing in the case to justify our interference: the injury is, that of delay alone; and we have already said that will not authorize an appeal—11 Martin, 268, Fortin vs. Randolph—and consequently cannot furnish ground for a mandamus to the court to proceed and try.
The plaintiffs should take nothing by their motion.